UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 15-40736-MSH |
| JAMES J. HASKINS AND CHERYL E. HASKINS | ) ) | |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OF DECISION ON THE
UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE**

The United States Trustee (the "UST") has moved to dismiss this case because the granting of relief to the debtors, James J. Haskins and Cheryl E. Haskins, under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) would be an abuse of the provisions of that chapter. The Haskins oppose the UST's motion. For reasons which are explained below, the UST's motion will be allowed.

Background

On April 15, 2015, the Haskins filed a joint petition for relief under chapter 7 of the Bankruptcy Code. As required by Fed. R. Bankr. P. 1007(b)(4), along with their petition they completed and filed Official Forms 22A-1 and 22A-2. These forms, commonly referred to as the means test forms, compare a debtor's income to that of the statistical median income of a geographical region, enabling interested parties and the court to determine whether the debtor's case is an abuse of the provisions of chapter 7. Since the Haskins' current monthly income ("CMI") as reflected on the means test forms multiplied over twelve months was in excess of the applicable median income for a Massachusetts household comparable in size to the Haskins' household, they were required to calculate their monthly disposable income to determine whether a presumption of abuse applied. The term "monthly disposable income" while used in the means test forms is not defined in the context of Bankruptcy Code § 707. Case law defines the term as a debtor's CMI less certain expenses allowed by subsections (ii), (iii) and (iv) of § 707(b)(2)(A). *See In re Munger*, 370

B.R. 21, 22 n.1 (Bankr. D. Mass. 2007) ("The CMI minus certain expenses yields a debtor's monthly disposable income."). The Haskins' means test forms calculated that they had a monthly disposable income of $3,930.43, which would amount to $235,825.80 over five years. Because their disposable income was in excess of the maximum amount set forth in § 707(b)(2)(A)(i),[1] the Haskins were required to and did indicate on their means test forms that a presumption of abuse existed. They also stated on their means test forms that no special circumstances existed which would justify a downward adjustment of their CMI.[2]

On the basis of the means test forms, and as required by § 704(b)(2), the UST filed a statement indicating that the Haskins' case was presumed to be an abuse case under § 707(b). In due course, the UST filed a motion to dismiss the Haskins' chapter 7 case for abuse pursuant to § 707(b)(1) and (2). In his motion, the UST challenged certain items of income and expense included by the Haskins in their means test forms. According to the UST's calculation, the Haskins' disposable income should have been $5,049.30 per month or $302,958 over five years. The UST's calculation served only to increase the amount by which the Haskins' five year disposable income exceeded the statutory maximum.[3]

---

[1] That states:
> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of--
> > (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,4751, whichever is greater; or
> > (II) $12,4751.

Bankruptcy Code § 707(b)(2)(A)(i).

[2] Despite this, the Haskins have claimed special circumstances in their opposition to the UST's motion to dismiss. I will not hold the Haskins to their representation of no special circumstances in their means test forms. But for reasons that will become apparent, the Haskins' tardily discovered special circumstances do not overcome the presumption of abuse in any event.

2

The Haskins filed an opposition to the UST's motion to dismiss asserting the existence of special circumstances to justify denying the motion. The Haskins also claimed that the CMI reflected on their means test forms is not a true reflection of their actual monthly income because Mr. Haskins's salary is commission-based and therefore unpredictable. The Bankruptcy Code is clear, however, that CMI is calculated using the debtor's average monthly income "derived during the 6–month period ending on the last day of the calendar month immediately preceding the date of the commencement of the case."[4] Bankruptcy Code § 101(10A)(A)(i). Therefore, the Haskins' salary over a different time period is of no relevance to a determination of abuse. The Haskins are left with their defense of special circumstances. After a hearing and the submission of memoranda of law, the matter was taken under advisement.

<u>The Dispute</u>

The issue here is whether the Haskins have successfully rebutted the presumption of abuse by presenting special circumstances as permitted in § 707(b)(2)(B). The Haskins claim that a $650

---

[3] My ruling on the UST's motion is not affected by the parties' difference of opinion over the calculation of monthly disposable income.

[4] A debtor may seek leave under § 521(a)(1)(B)(ii) to forgo the filing of schedule I of his schedules of assets and liabilities and a court has discretion under § 101(10A)(A)(ii) to fix an appropriate 6-month period from which to measure a debtor's CMI. *In re Hoff*, 402 B.R. 683, 686 (Bankr. E.D.N.C. 2009) ("language of § 101(10A) which anticipates situations where debtors should be exempt from filing Schedule I, presents this court the opportunity to excuse the filing and fix a different date upon which current monthly income is determined"); *In re Dunford*, 408 B.R. 489, 493 (Bankr. N.D. Ill. 2009) ("In the event the debtor does not file Schedule I and is excused from doing so, § 101(10A)(A)(ii) permits the bankruptcy judge discretion to reset the date on which current income is to be determined to a "date on which currently monthly income is determined by the court."). In this case, the Haskins' sought no such leave and filed their schedule I pursuant to § 521(a)(1)(B)(ii) along with their chapter 7 petition. Therefore, their 6-month lookback period is fixed pursuant to § 101(10A)(A)(i). *See In re Crink*, No. 08-10824C-7G, 2008 WL 2944652, at *2 (Bankr. M.D.N.C. July 31, 2008) ("The Debtors did file the Schedule I, which means that section 101(10A)(A)(i) and not section 101(10A)(A)(ii) is controlling.").

3

monthly student loan repayment obligation,[5] a $675 monthly payment obligation to the IRS for past-due income tax liabilities, and monthly contributions toward medical costs of Ms. Haskin's father constitute special circumstances that when added together reduce their monthly disposable income to a level below the abuse threshold.

The UST argues that the Haskins have failed to rebut the presumption of abuse. He points out that with the exception of student loan repayments, the Haskins' means test forms already account for the additional expenses claimed by them for back taxes and the medical expenses for Ms. Haskins' father. With regard to the student loans, the UST urges me to follow decisional authority holding that student loan repayments never constitute special circumstances for purposes of rebutting a presumption of abuse. In any event, the UST points out that the Haskins' disposable income would remain well over the maximum allowable amount even if their monthly student loan repayments were included as an eligible deduction.

Relevant Law

Bankruptcy Code § 707(b)(1) provides that a chapter 7 case may be dismissed, or if the debtor consents, converted to a chapter 13 case, if the debtor owes primarily consumer debts and the court finds that the granting of chapter 7 relief would be "an abuse of the provisions" of chapter 7. Bankruptcy Code § 707(b)(1). "Abuse may be established by application of a mathematical test set forth in § 707(b)(2) or a subjective test under § 707(b)(3)." *In re Bianco*, No. 11-41733-MSH, 2012 WL 3763682, at *2 (Bankr. D. Mass. Aug. 29, 2012). In this case, the UST seeks dismissal under the mathematical test set forth in § 707(b)(2), which establishes a presumption of abuse when a debtor's

---

[5] Some or all of the student loan debt appears to relate to the Haskins' two children. To what extent the Haskins are liable on these loans is unclear. For purposes of ruling on the UST's motion to dismiss, however, I will treat all the student loan debt as the obligation of the Haskins.

monthly disposable income multiplied over 60 months exceeds the lesser of (a) "25 percent of the debtor's nonpriority unsecured claims in the case, or $7,475, whichever is greater;" or (b) "$12,475." Bankruptcy Code § 707(b)(2).

The debtor may attempt to rebut the presumption of abuse by "demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [*sic*] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative."[6] Bankruptcy Code § 707(b)(2)(B)(i). Courts have uniformly held that the statutory examples are not exhaustive of all situations that may constitute special circumstances. *See In re Pageu*, 383 B.R. 221, 226 (Bankr. D. N.H. 2008). Instead, "Congress gave courts broad discretion to determine whether a particular set of facts constitute special circumstances." *Id.* at 226 (internal quotation marks omitted). Therefore, a court is obligated to make a "fact-specific determination that should be made on a case-by-case basis." *Id.*; *see also In re Vaccariello*, 375 B.R. 809, 813 (Bankr. N.D. Ohio 2007).

Bankruptcy courts disagree as to how to treat student loan debt under § 707(b)(2)(B)(i). Some courts have held that student loan debt always constitutes a special circumstance because the non-dischargeability of such debt leaves a debtor with no reasonable alternative but to pay it. *In re Howell*, 477 B.R. 314, 317 (Bankr. W.D. N.Y. 2012); In *re Sanders*, 454 B.R. at 860-62; *In re Martin*, 371 B.R. 347, 356 (Bankr. C.D. Ill. 2007); *In re Delbecq*, 368 B.R. 754, 759 (Bankr. S.D. Ind. 2007); *In re Haman*, 366 B.R. 307 (Bankr. D. Del. 2007). Other courts have held that student loan obligations do not constitute a special circumstance merely by virtue of their non-dischargeable

---

[6] This sentence is grammatically incorrect. It is unclear whether Congressional proofreaders neglected to delete a superfluous "that" or whether they lost an entire phrase intended to clarify the examples of special circumstances referred to in the sentence.

5

nature and instead have focused on the manner by which the debt was incurred. *In re Carrillo*, 421 B.R. 540, 544 (Bankr. D. Ariz. 2009) (finding student loan obligations to be insufficient as a special circumstance where debtors had failed to point "to any 'special circumstances' leading them to incur their student loan obligations"); *In re Champagne*, 389 B.R. 191, 199 (Bankr. D. Kan. 2008) (holding that "[t]he circumstances which gave rise to the loan are an important, if not the determinative, factor"); *In re Pageu*, 383 B.R. at 228 (explaining that it is not "the obligation to repay a loan itself that qualifies such an expense as a special circumstance… but rather it is the circumstances that lead to incurring a loan that must be special and justify the inclusion of this additional expense"); *In re Vaccariello*, 375 B.R. at 815 (stating that the court was "not persuaded that merely because a debt is not dischargeable it can or should constitute a special circumstance").

Discussion

Turning to the case at hand, the Haskins seek to rebut the presumption of abuse established by their means test forms claiming special circumstances by virtue of their continuing obligation to pay for the medical costs of Ms. Haskin's father, past due tax liabilities and student loan debts.

As a threshold matter, the medical costs for Ms. Haskin's father and the Haskins' monthly payments toward past due tax liabilities do not constitute special circumstances because their means test forms already reflect deductions for both those expenses. *See In re Moore*, 446 B.R. 458, 464 (Bankr. D. Colo. 2011) (allowing additional deductions for tax liability as a special circumstance would be double-counting when such liability is already provided for elsewhere on the means test forms).

What remains is the Haskins' $650 monthly payment on student loan debt. Even if I found that the Haskins' student loan debt constituted a special circumstance within the meaning of § 707(b)(2)(B)(i), however, they would fall short of rebutting the presumption of abuse.

According to the Haskins' version of the means test forms they have disposable income of $235,825.80 over 60 months. Even if the Haskins are allowed to take the student loan payments of $650 per month as an additional deduction, their 60-month disposable income would decrease by only $39,000 to $196,825.80, still far above the allowable statutory maximum. *See In re Thompson*, 457 B.R. 872, 878 (Bankr. M.D. Fla. 2011) ("Debtors cannot rebut the presumption of abuse because, even assuming the $250.00 monthly student loan payment… [was] a necessary and reasonable expense for which there is no reasonable alternative, the expense would not decrease Debtors' monthly disposable income sufficiently.").

<u>Conclusion</u>

I conclude that the presumption that the Haskins' case is an abuse of the provisions of chapter 7 of the Bankruptcy Code has been established and the Haskins have not rebutted that presumption by establishing the existence of special circumstances. As a result, the UST's motion to dismiss under § 707(b)(2) should be granted. An order of dismissal shall enter on or after November 30th, 2015, to give the Haskins time to consider converting this case to chapter 13.

November 16, 2015                                                                                          By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:    David M. Nickless, Esq.
                      Nickless, Phillips and O'Connor
                      Fitchburg, MA
                      for Cheryl E. Haskins and James J. Haskins

                      Lisa D. Tingue, Esq.
                      Office of the U.S. Trustee
                      Worcester, MA
                      for William K. Harrington, United States Trustee

7